0

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| VALERIA RENE COLLINS LEWIS, | ) Case No. ED CV 14-01633-DFM<br>)<br>) |
| Plaintiff, | ) MEMORANDUM OPINION AND<br>) ORDER |
| v. | )<br>)<br>) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | )<br>)<br>) |
| Defendant. | )<br>) |

Plaintiff Valeria Rene Collins Lewis ("Plaintiff") appeals the Commissioner's final decision denying her applications for Supplemental Security Income and Disability Insurance Benefits. For the reasons discussed below, the Court concludes that the Administrative Law Judge ("ALJ") erred in finding that Plaintiff is capable of performing past relevant work. The ALJ's decision is therefore reversed and the matter is remanded for further proceedings consistent with this opinion.

///

///

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her applications for benefits in March 2010, alleging disability beginning September 30, 2009. The ALJ determined that Plaintiff engaged in substantial gainful activity ("SGA") as a babysitter from January 1, 2010 through December 31, 2012, and therefore, was not disabled during that period. Administrative Record ("AR") 16-17. As for the remaining periods at issue, the ALJ determined that Plaintiff had the severe impairments of bilateral carpal tunnel syndrome and right ulnar neuropathy since October 2010, lower lumbar facet arthropathy and degenerative disc disease of the lumbar spine since September 2010, mild to moderate degenerative arthritis of the right knee, and hypertension. AR 17. The ALJ determined that, notwithstanding these impairments, Plaintiff retained the residual functional capacity ("RFC") to perform light work, with a limitation to occasional postural activities and frequent use of the bilateral hands. Id. At the administrative hearing, the ALJ called a vocational expert ("VE") to testify about Plaintiff's past relevant work. AR 41-42, 44-46. The ALJ relied on the VE's testimony to conclude that Plaintiff was not disabled because she could perform her past work as an "administrative assistant," "customer service," and "clerk," as actually and generally performed. AR 22, 44-46. Plaintiff was not represented by counsel at the administrative hearing. AR 29-48.

# II.

## ISSUES PRESENTED

The parties dispute whether the ALJ erred in concluding that Plaintiff is capable of performing past relevant work. See Joint Stipulation ("JS") at 3.

///
///
///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.
### STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

### IV.
### DISCUSSION

Plaintiff contends that the ALJ erred in finding that she could return to her past relevant work as an "administrative assistant," "customer service," and "clerk." JS at 3-9. Plaintiff asserts that she does not have any past experience working as a "clerk," and her work as an administrative assistant and customer service clerk were not SGA. Id. at 3-7. Plaintiff further asserts that the ALJ failed to conduct proper inquiry into whether the exertional and non-exertional demands of her prior jobs are inconsistent with her work-related

3

1  limitations. Id. at 7-9.

2      At step four of the sequential analysis, the claimant has the burden of

3  showing she is unable to return to her past relevant work. Pinto v. Massanari,

4  249 F.3d 840, 844 (9th Cir. 2001). However, the ALJ must make specific

5  factual findings to support the conclusion that Plaintiff can perform past

6  relevant work. Id.; see also Social Security Ruling 82-62 (requiring specific

7  findings as to the claimant's RFC, the physical and mental demands of the past

8  relevant work, and a comparison of the RFC to the past work.).

9      Work experience is considered relevant if it constituted SGA, was done

10  within the last 15 years, and lasted long enough for the claimant to learn to

11  how to perform it. Vertigan v. Halter, 260 F.3d 1044, 1051-52 (9th Cir. 2001);

12  see 20 C.F.R. §§ 404.1565(a), 416.965(a). "Substantial gainful activity is work

13  done for pay or profit that involves significant mental or physical activities."

14  Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir. 2001); 20 C.F.R. §§ 404.1571-

15  404.1575, 416.971-416.975. A claimant's earnings are a presumptive indicator

16  of whether prior work constitutes SGA. See Lewis, 236 F.3d at 515; 20 C.F.R.

17  §§ 404.1574(b), 416.974(b). If a claimant earns less than the required threshold

18  to constitute SGA, the burden of proof shifts to the Commissioner to prove

19  SGA with non-earnings evidence. Lewis, 236 F.3d at 515.

20      Here, although the ALJ reasonably relied on the VE's findings that

21  Plaintiff has prior work experience as an administrative assistant, customer

22  service clerk, and clerk,[1] the record is ambiguous as to whether these jobs

23  
——————————

24      [1] While Plaintiff did not report previous work experience as a "clerk,"

25  Plaintiff's own description of her past work duties parallels the elements
   contained in the Dictionary of Occupational Titles ("DOT") description of the

26  clerk position. AR 22, 42-44, 142; see DOT 241.367-014. Plaintiff stated that
   her job in a dental lab involved "office" and "clerical duties," as well as

27  customer service work. AR 43. In addition, Plaintiff stated that her job in a

28  doctor's office involved medical billing, banking, scheduling appointments,

4

qualified as past relevant work under the regulations. See 20 C.F.R. §§ 404.1560(b), 416.960(b).

First, Plaintiff offered conflicting reports as to the dates and length of time she worked as an administrative assistant, customer service clerk, and clerk. AR at 42-45, 142, 150, 165, 185. Plaintiff did not mention these jobs in her work history report or her disability report. AR 149, 165. While Plaintiff did provide a resume showing dates of employment in a doctor's office, warehouse and dental lab, the ALJ found the resume was entitled to no weight, as it contained falsified information regarding Plaintiff's work history. AR 19, 41-43, 142. And, although Plaintiff testified that she had worked for three years in a doctor's office as an administrative assistant and for three-and-a-half years at a warehouse in customer service, she did not provide dates of employment for either of these positions. AR 42-43. Plaintiff also failed to provide any testimony about the dates or length of time she worked in the dental lab. AR 42-43. Thus, the record contains insufficient information regarding the time Plaintiff spent working as an administrative assistant, customer service clerk, or clerk. See Vertigan, 260 F.3d at 1051 (finding that only occasional work as a receptionist was not past relevant work); 20 C.F.R. §§ 404.1565(b), 416.965(b).

Second, the ALJ did not make adequate findings as to Plaintiff's earnings from her past work. AR at 42-45, 135-38, 142, 150, 165, 185. Plaintiff's earnings record does not reflect any earnings from work at a doctor's office or dental lab. AR at 135-38. Although the record does indicate that Plaintiff worked for several employment agencies, her income from these

and verifying insurance. AR 42. Thus, the ALJ reasonably relied on the VE's testimony that Plaintiff has work experience as a "clerk." See Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993) (claimant's description of past work is considered highly probative).

agencies appears to be far less than the presumptive SGA amount established by the regulations. AR 135-38; <u>see</u> 20 C.F.R. §§ 404.1574(b)(3), 416.974(b)(3); www.socialsecurity.gov/OACT/COLA/sga.html (outlining monthly substantial gainful amounts for each year). To complicate matters further, a substantial portion of Plaintiff's income earned in the previous 15 years was derived from self-employment. AR 32-33, 135-38, 165. While it is possible that Plaintiff worked in the administrative assistant, customer service or clerk positions as a self-employed individual, the ALJ failed to make any findings to support such a conclusion. <u>Pinto</u>, 249 F.3d at 845. The ALJ also failed to discuss Plaintiff's average monthly earnings or any non-earnings evidence that might rebut a presumption that Plaintiff's past work as an administrative assistant, customer service clerk or clerk was not SGA. <u>Lewis</u>, 236 F.3d at 515; <u>see</u> 20 C.F.R. §§ 404.1574, 416.974.

The Commissioner responds that even if Plaintiff did not perform the administrative assistant, customer service or clerk positions at SGA levels, the ALJ properly found at step one of the sequential analysis that Plaintiff's work as a babysitter from 2010 through 2012 constituted SGA. JS at 12; AR 16-17. The Commissioner's argument is flawed, as the ALJ did not rely on Plaintiff's past work as a babysitter to find Plaintiff capable of performing past relevant work at step four. AR 22. Moreover, Plaintiff's babysitter job required medium work, which is inconsistent with Plaintiff's RFC assessment for light work. AR 17, 45, 172; <u>see</u> 20 C.F.R. §§ 404.1567(b), 416.967(b).

For all of these reasons, the Court concludes that the ALJ erred in finding that Plaintiff's previous work of as an administrative assistant, customer service clerk, or clerk was past relevant work.

The decision whether to remand for further proceedings is within this Court's discretion. <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative

6

proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). A remand is appropriate, however, where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003); see also Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014) (explaining that courts have "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."). Here, remand is appropriate so that the ALJ can reconsider the findings at step four, including whether Plaintiff's previous work as an administrative assistant, customer service clerk, and clerk was at SGA levels. As this is a threshold issue, the Court need not address Plaintiff's additional challenge to the ALJ's step four finding.

**V.**

**CONCLUSION**

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the action is REMANDED for further proceedings consistent with this opinion.

Dated: March 03, 2015

**DOUGLAS F. McCORMICK**

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

7